IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

M.S. through his parents and natural )
Guarsians, M.E.S. and M.A.S., and ) No. 10-700
M.E.S. and M.A.S. in their own )
right, )
 )
               Plaintiffs,

   vs.

WOODLAND HILLS SCHOOL
DISTRICT,

             Defendant.

## OPINION AND ORDER

### SYNOPSIS

In this civil rights action, Plaintiffs, on behalf of themselves and the minor Plaintiff, who was an autistic six-year old at the time of the complained-of actions, allege that Defendant failed to properly deal with and accommodate the minor Plaintiff's disabilities. Accordingly, Plaintiff seeks damages and other relief pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1401, et seq., the Civil Rights Act, 42 U.S.C. § 1983, the Rehabilitation Act, 29 U.S.C. §§ 701, 704, 294(a), and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et seq.

Before the Court is Defendant's Motion to Dismiss Count III of the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and for a More Definite Statement, or to Strike, pursuant to Fed. R. Civ. P. 12(e) and (f). For the following reasons, the Motion to Dismiss will be granted, without prejudice. The Motion for a More Definite Statement or to Strike will be denied.

### OPINION

In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F. 2d 66, 666 (3d Cir. 1988). In ruling a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Id. at 666. Complaints "need not plead law or match facts to every element of a legal theory." Weston v. Pennsylvania, 251 F. 3d 420, 429 (3d Cir. 2001). A plaintiff must "nudge [her] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. Bell Atlantic Corp. v. Twombly, U.S. , 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). A complaint must contain "enough factual matter (taken as true) to suggest" the elements of the claims asserted. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

First, Defendant contends that Count III of Plaintiffs' Complaint impermissibly attempts to state a Section 1983 claim for violations of the IDEA, Section 504 of the Rehabilitation Act, and the ADA. Section 1983 is not an appropriate vehicle for such claims. See A.W. v. Jersey City Public Schools, 486 F. 3d 791 (3d Cir. 2007), and Taylor v. Altoona School Dist., 513 F. Supp. 2d 540 (W.D. Pa. 2007). Indeed, Count III appears to be premised on statutory violations, but Plaintiffs acknowledge that they cannot maintain a Section 1983 claim based solely on such violations. To the extent that Plaintiffs intended to pursue such claims, I find that they may not do so.

Plaintiffs counter, however, that their Section 1983 claim is not based solely on statutory violations. Instead, they contend, they raise a substantive due process Monell claim for breach of the fundamental due process right to direct the education and upbringing of their child, and to receive a meaningful benefit from free and appropriate public education ("FAPE"), and an equal

protection "class of one" claim. While Plaintiffs' Brief contains synopses of pertinent due process and equal protection law, the Complaint itself does not actually suggest such claims. For example, Plaintiffs note that a "class of one" claim may stand where the plaintiff alleges differential treatment from others similarly situated, but there is no such allegation in the Complaint. Alleging "discrimination" is simply not the equivalent of alleging treatment unlike that afforded other, similarly situated people. Likewise, Plaintiffs point to no reference, in the Complaint, of their right to guide their child's education. Conclusory statements, to the effect that Defendant's conduct violated Plaintiffs' 14th Amendment rights, are insufficient under the circumstances. While the presence of particular words is not essential for satisfactory pleading, a complaint must sufficiently apprise a defendant of the charges against him. The 14th Amendment encompasses a myriad of possible rights, and Defendant is entitled to know which it is charged with violating. According to applicable standards, Plaintiffs have not adequately stated a claim for "class of one" equal protection, or violation of parental rights afforded by the Constitution. Count III, therefore, will be dismissed without prejudice.

Finally, Defendants contend that Plaintiffs' Complaint contains excessive factual detail, which violates Fed. R. Civ. P. 8's requirement of simple, concise, and direct allegations. As a related matter, they contend that paragraphs 39 through 214 of the Complaint are unnecessary and excessive, and should be stricken. Courts should dismiss pleadings for failure to comply with Rule 8 only if the pleading is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Martin v. Warrington, No. 1-1178, 2002 U.S. Dist. LEXIS 3502, at *3 (E.D. Pa. Mar. 4, 2002). Plaintiffs' Complaint is indeed lengthy, but acceptable. It is not so confused, ambiguous, or otherwise unintelligible so as to preclude Defendant from formulating a response or discerning the nature of the claims against it.

Additionally, striking portions of the pleading is unwarranted. Thus, the Motions for More Definite Statement, and to Strike, will be denied.

## CONCLUSION

In sum, under applicable standards, Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted, with respect to Plaintiff's Section 1983 claim. Its Motion for More Definite Statement, and to Strike, will be denied. An appropriate Order follows.

## ORDER

AND NOW, this 22nd day of October, 2010, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss is GRANTED. The Motion is GRANTED to the extent that Plaintiff's Section 1983 claims are dismissed, without prejudice. Plaintiff may file an Amended Complaint within ten (10) days from the date of this Order. Defendant's Motions for More Definite Statement and to Strike are DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Judge, U.S. District Court