# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

M.S., through his parents and natural guardians, )
M.E.S. and M.A.S., and M.E.S. and M.A.S. )
in their own right, ) No. 10-700
 )
    Plaintiffs,

    v.

WOODLAND HILLS SCHOOL DISTRICT,

    Defendant.

## OPINION AND ORDER

## SYNOPSIS

In this civil action, Plaintiffs seek de novo review of a Hearing Officer's decision that failed to remedy alleged deficiencies in the District's treatment of the minor Plaintiff, pursuant to the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1400, et seq., and also seeks redress for Defendant's alleged violations of the IDEIA, in its failure to provide the minor Plaintiff with a free appropriate public education ("FAPE"), an appropriate Individualized Educational Program ("IEP"), and appropriate placement; failure to provide the Parents with proper procedural and participation rights; failure to generally implement to IDEIA, its regulations, and analogous state laws; violations of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101. Before the Court is Plaintiffs' Motion to Compel more complete responses to their Interrogatories and Requests for Production. For the following reasons, the Motion to Compel will be granted in part and denied in part.

**OPINION**

**I. Applicable Standards**

"The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Option One Mortgage Corp. v. Fitzgerald, No. 3:07-cv-1877, 2009 U.S. Dist. LEXIS 18827 (M.D. Pa. Mar. 11, 2009). Pursuant to the Federal Rules of Civil Procedure, parties may obtain discovery regarding "any matter, not privileged, that is relevant to any party's claim or defense." Fed.R.C.P. 26(b)(1).

**II. Plaintiff's Motion**

**A. Interrogatory Nos. 1 and 2**

Interrogatory Nos. 1 and 2 request a fairly broad range of in-depth information regarding the prevalence and educational treatment of other students with Autism or Mental Retardation within the Defendant School District -- such as diagnoses, placement, enrollment and registration records, details about programming and therapy, and details about IEPs. Defendant resists providing such information, on privacy and relevance grounds. Plaintiffs assert that the information is relevant to the Defendant's policies and practices regarding such students, as well as the availability of appropriate treatment for the minor Plaintiff. The IDEIA and similar statutes, however, involve highly individualized issues -- indeed, the gist of Plaintiffs' Complaint is that Defendant's approach was overly generic, and failed to attend to the minor Plaintiff's unique situation. Because this matter involves no constitutional or differential treatment claims, the potential relevance of Defendant's policies and practices, vis-à-vis students

other than the minor Plaintiff, is unclear.[1] In other words, Plaintiffs have not established that the requested information regarding other students is reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiff does not address the various privacy and confidentiality laws on which Defendant relies. Generally speaking, information about students other than the minor Plaintiff is not discoverable in cases such as this one. Cf. Loch v. Bd. of Educ., No. 6-17-MJR, 2008 U.S. Dist. LEXIS 836 (S. D. Ill. Jan. 7, 2008). Because Plaintiffs have not demonstrated otherwise, I will deny the Motion to Compel in that regard.

It is certainly possible that the depths of these two Interrogatories conceal several nuggets that are linked to the allegations of Plaintiffs' Complaint, and appropriately disclosed.[2] I find only one: Plaintiffs' Complaint alleges that one of the reasons his placement was inappropriate is the lack of peers, or changing group of peers, in the autistic support classroom. He is entitled to discover information relating to these contentions, which is fairly encompassed by Interrogatory No. 1, and the disclosure of which would not run afoul of privacy restrictions. Defendant shall identify the number of students, during the five past academic years (including the current academic year), placed in that classroom. The Motion to Compel is granted solely to that extent.

**B. Interrogatory No. 5**

As regards Interrogatory No. 5, Plaintiffs assert that the Defendants failed to respond adequately to specific questions, with respect to individually identified representatives of the School District. Defendant responded to the Interrogatory with a vagueness and ambiguity

---

[1] If Defendants claimed, for example, that certain services to which Plaintiffs sought entitlement were unavailable or impracticable, whether other students received those services would be relevant. This does not, however, appear to be at issue in this litigation.

[2] If Plaintiffs are convinced that I have overlooked one of these instances, they may, of course, avail themselves of reconsideration procedures, or raise the issue at the upcoming conference. I advise the parties, however, to again conference in an attempt to work out their differences without court intervention.

3

objection, and then by referring generically to testimony given in the due process hearing, and offering brief, unattributed summaries of assertions from that testimony. Merely referring to testimony in another proceeding is insufficient.[3] See Susquehanna Commer. Fin., Inc. v. Vascular Res., Inc., 2010 U.S. Dist. LEXIS 127125, at *24-25 (M.D. Pa. Dec. 1, 2010). Moreover, the Interrogatory is neither vague nor ambiguous, and Defendant failed to particularize its response with respect to the individuals identified in the Interrogatory. The Motion will be granted in that respect, and Defendant will be directed to respond with greater particularity.

### C. Interrogatory Nos. 10 and 15; Requests for Production Nos. 7, 8, and 9

Plaintiff objects that Defendant failed to supply information in response to Interrogatory Nos. 10 and 15 and Request Nos. 7, 8, and 9. Defendant responded, however, indicating that it was not in possession of responsive information. I cannot compel Defendant to produce information that it does not have, and must accept its representation. I remind the parties of Defendant's continuing discovery obligation under the Federal Rules of Civil Procedure. The Motion to Compel is denied in that regard.

### D. Request for Production No. 5

With respect to Request for Production No. 5, Plaintiff objects to Defendant's response that Plaintiff should already have much of the requested documentation. To the extent that Defendant does not possess responsive documents, I refer the parties to Part IIC of this Opinion, supra. To the extent that Defendant does possess the documents, however, that Plaintiff should already have them is not an adequate response. The Motion will be granted to that extent, and Defendant will be directed to supplement its response.

## CONCLUSION

---

[3] It is permissible to refer to transcripts in a discovery response, but the reference must be particularized.

In sum, the Motion to Compel will be granted in part and denied in part. The parties are encouraged to make greater efforts to resolve such matters in the future, keeping in mind the Court's rulings on the present Motion as guidance. An appropriate Order follows.

**ORDER**

AND NOW, this 27th day of January, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Compel (Docket No. [24]) is DENIED in part and GRANTED in part. Solely to the extent stated in the body of the Opinion, the Motion is GRANTED with respect to Interrogatory Nos. 1 and 5, and Request No. 5. The remainder of the Motion is DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court